317 S.W.3d 259 (2007)
In the Interest of B.G., C.W., E.W., B.B.W. and J.W., Children.
No. 12-06-00295-CV.
Court of Appeals of Texas, Tyler.
September 19, 2007.
Rehearing Overruled October 11, 2007.
Brent L. Watkins, for appellant.
Duke E. Hooten, J. Dawn Armstrong, for appellee.
Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

MEMORANDUM OPINION ON REHEARING
BRIAN HOYLE, Justice.
Appellant Lester Williams filed a motion for rehearing, which is overruled. The court's opinion of July 18, 2007 is hereby withdrawn, and the following opinion is substituted in its place.
Appellant Lester Williams appeals the trial court's postjudgment order denying him a free record in a conservatorship and termination proceeding brought by the Texas Department of Family and Protective Services ("DFPS"), Appellee. In one issue, Williams complains that the trial court violated his due process rights under the United States and Texas constitutions when it denied his request for a free record. We affirm.

BACKGROUND
Following a bench trial, the trial court terminated Williams's parental rights. Williams, who had discharged his court appointed trial counsel and acted pro se at trial, requested that the trial court appoint counsel to represent him on appeal. *260 Through his subsequently appointed appellate counsel, Williams sought a free record based upon Williams's indigent status. The trial court conducted a posttrial hearing on the matter and issued a written order denying Williams a free record. Williams now appeals that order.

CONSTITUTIONAL ISSUES
In his sole issue, Williams argues that the trial court violated his due process rights under the United States and Texas constitutions when it denied his request for a free record. Section 13.003 of the Texas Civil Practice and Remedies Code governs the provision of free clerk's records and reporter's records to indigent appellants. See TEX. CIV. PRAC. & REM.CODE ANN. § 13.003 (Vernon 2002). Under section 13.003, a trial court may order that an indigent appellant be provided a free clerk's record and reporter's record only if
(1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
(2) the trial judge finds:
(A) the appeal is not frivolous; and
(B) the [reporter's record] and the [clerk's record] are needed to decide the issue presented by the appeal.
TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(a) (Vernon 2002).
Rule 33.1(a) of the Texas Rules of Appellate Procedure states as follows:
(a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:
(1) the complaint was made to the trial court by a timely request, objection, or motion that:
(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
(2) the trial court:
(A) ruled on the request, objection, or motion, either expressly or implicitly; or
(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.
TEX.R.APP. P. 33.1(a). Here, Williams did not assert his constitutional complaints at the hearing on his request for a free record. Therefore, it appears that Williams failed to preserve error, if any, for appellate review. See TEX.R.APP. P. 33.1(a); In re T.L., No. 12-04-00219-CV, 2004 WL 2694600, at *5 (Tex.App.-Tyler Nov. 24, 2004, no pet.) (mem. op.) (applying rule 33.1 to constitutional issues). Further, such error, if any, would not constitute fundamental error, which would absolve Williams from the need to properly present it to the trial court. See Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322, 328 (Tex.1993) (Fundamental error exists "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.").
Williams contends that he properly complied with rule 33.1 by asserting his constitutional complaints in a motion for reconsideration filed on September 20, 2006. We must, therefore, determine if Williams's motion to reconsider was sufficient to preserve his issue for appellate review.
*261 Subchapter E of Chapter 263 of the Texas Family Code governs final orders in conservatorship and termination proceedings in cases involving children under DFPS care. See In re A.J.K., 116 S.W.3d 165, 169-70 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Section 236.405(d) of subchapter E limits a trial court's power to hold a section 13.003 hearing. See TEX. FAM.CODE ANN. § 263.405(d) (Vernon 2002). According to section 236.405(d), a trial court shall hold a section 13.003 hearing "not later than the 30th day after the date the final order is signed." Id.
Williams's motion to reconsider was filed on September 20, 2006, sixty-four days after the final judgment was signed. Therefore, at the time the motion to reconsider was filed, the trial court had no power to reconsider its section 13.003 ruling. In addition, there is no evidence in the record supporting the proposition that the State either consented to or requested that the trial court reconsider the ruling. Finally, the mere fact that the section 13.003 hearing occurred does not supply the necessary additional jurisdiction for a subsequent reconsideration upon motion. Because chapter 263 limits the trial court's jurisdiction of section 13.003 motions, we hold that Williams failed to present his constitutional complaints to the trial court and, thus, failed to preserve them for appellate review. See TEX.R.APP. P. 33.1(a); In re T.L., 2004 WL 2694600, at *5. We overrule Appellant's sole issue.

DISPOSITION
We affirm the trial court's order.[1]
NOTES
[1] Williams has listed issues that he anticipates raising on appeal upon our reversal of the trial court's order. Because these are anticipated issues only, we do not address them here.