

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00081-CV

_____

THOMAS VICTOR "TOM" RHODES, JR., AND
JOSEPHINE ANN "JOSIE" [LOPEZ] O'DELL,
BOTH INDIVIDUALLY AND BOTH AS
REPRESENTATIVE OF THE ESTATE OF
SHIENA RHODES, DECEASED, Appellants

V.

HONDA, GREENVILLE HONDA, ET AL., Appellees

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 67122

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Thomas Victor Rhodes, Jr., and Josephine Ann O'Dell brought a wrongful death lawsuit against what appears to be sixteen defendants (corporate and otherwise), which will hereafter be identified collectively as Honda, the cause of action arising from an accident involving an all-terrain vehicle.

Following repeated discovery disputes, the trial court issued rulings which dismissed Rhodes's and O'Dell's claims against all appellees except for the individual Mayes[1] defendants. Rhodes/O'Dell then failed to respond to Mayes's discovery, and the trial court ultimately entered a final order on January 11, 2007, dismissing the remaining claim pursuant to Rule 215.2 of the Texas Rules of Civil Procedure based on what the trial court found to be a repeated pattern of discovery abuse throughout the case. *See* TEX. R. CIV. P. 215.2. Rhodes/O'Dell then filed a notice of appeal, along with affidavits of indigence stating that neither Rhodes nor O'Dell could afford to pay for the record. The Appellees filed a joint contest of this application and a hearing was conducted. Rhodes did not appear to testify and, therefore, did not present evidence of his indigency. Although O'Dell testified that she had no ability to pay for the record, her testimony was riddled with inconsistencies, a fact acknowledged by her attorney, Charles Malloy.

---

[1]Landon Lee May, Phillip May, and Brenda Gail May.

2

Malloy testified that he was unable to advance costs[2] because his law license had been suspended for a period of time. Malloy had been retained by Rhodes/O'Dell under a contingency fee arrangement which did not contractually obligate Malloy to advance costs. Under the contingency fee agreement, Malloy had been assigned a fifty percent interest in the claim.

The court found that Malloy was, for all intents and purposes, a party who owned a fifty-percent share of the lawsuit and that Rhodes and O'Dell each owned a twenty-five percent share. The trial court found that neither Malloy (who had filed no affidavit of indigency) nor Rhodes (who did not appear to testify regarding indigence) had met the requirements of showing his entitlement to a cost-free record. However, despite the variances in her testimony, the trial court ruled that O'Dell probably met her burden of proof on the matter and found her to be indigent. Based on this reasoning, the trial court ruled that if Malloy and Rhodes paid seventy-five percent of the appellate record costs, the remaining twenty-five percent (O'Dell's share of the claim) would be waived. Rhodes/O'Dell have challenged this ruling in the appeal before us.

---

[2]The right of an indigent to pursue an appeal should not turn on whether the attorney abides by an agreement to pay or to advance costs, and when the attorney is obligated to the client to pay or advance costs but will not or cannot do so, the indigent should not be stripped of his or her indigent status. *Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 354 (Tex. 1996). "If the agreement provides that the attorney is to pay or advance costs, and the appellant makes no further showing, the agreement would be some evidence that the appellant has a source of funds from which to pay costs. But, when the facts establish that the attorney will not or cannot pay those costs, as is the case here, we cannot erect a legal fiction that an indigent has the ability to pay 'if [she] really wanted to.'" *Id.* (citing *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980) (quoting *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942))).

It is not necessary for us to address the efficacy or accuracy of this ruling because other issues regarding the appeal are dispositive.

Rule 20.1 of the Texas Rules of Appellate Procedure provides the procedural vehicle for seeking a free record in a civil case and specifies the information that must be provided. TEX. R. APP. P. 20.1. There is no argument concerning the procedural adequacy of the affidavit of indigence, and although there were ultimately numerous complaints raised by Malloy for Rhodes/O'Dell regarding the conduct of the hearing and the substance of the order which was entered, those arguments are of no importance unless other requirements are first met.

Section 13.003 of the Texas Civil Practice and Remedies Code is the statutory underpinning for the provision of a clerk's and reporter's record without cost in a civil appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (Vernon 2002). It provides that a free record shall be provided "only if":

> (1)     an affidavit of inability to pay the cost of the appeal has been filed . . . *and*
>
> *(2)     the trial judge finds:*
>
> *(A)     the appeal is not frivolous; and*
>
> *(B)     the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.*

TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(1), (2) (emphasis added).

Applying the terms of that section as written, a trial court may order the clerk and reporter to prepare a record without charge only if the party is found to be indigent and if the required

4

findings are made. *See In re B.G.*, No. 12-06-00295-CV, 2007 Tex. App. LEXIS 7614 (Tex. App.—Tyler Sept. 19, 2007, pet. filed); *Reule v. Carreon,* No. 14-06-00163-CV, 2007 Tex. App. LEXIS 151 (Tex. App.—Houston [14th Dist.] Jan. 11, 2007, pet. denied) (mem. op).[3]

In this case, the trial court made neither a finding that the appeal is not frivolous nor did it find that a statement of facts and a clerk's record were needed to decide the issue presented by the appeal. The record before us also reveals that no request for any such finding was made by Rhodes/O'Dell. Even if Rhodes/O'Dell had raised on appeal a contention that the court had erred by refusing or failing to make such findings, such a complaint would not have been preserved for our review. *See* TEX. R. APP. P. 33.1. In addition, no complaint about the absence of such findings has been raised as an issue on appeal; thus, it has also not been preserved as an appellate issue for our review. *See* TEX. R. APP. P. 38.1(e).[4]

The statute explicitly states that the court may order a record to be prepared "only if" it first makes such findings. Indeed, had the court ordered a free record to be prepared without making such

---

[3]Unlike the situation addressed by the Texas Supreme Court in *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006), and *Sprowl v. Payne*, 236 S.W.3d 786, 787 (Tex. 2007), the adequacy of the preparation of an affidavit of indigence is not involved.

[4]By failing to present a point or argument, Rhodes/O'Dell waive their right to complain of the error. The court of appeals errs if it reverses on that ground in the absence of properly assigned error. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Vawter v. Garvey*, 786 S.W.2d 263 (Tex. 1990). Only in rare cases will unassigned error be considered, these in circumstances considered containing fundamental error, such as situations in which the reviewing court does not have jurisdiction of the case. *See McCauley v. Consol. Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957).

findings, it would have been in violation of the statutory requirements. Thus, as its action is within the exact language of the statute, we cannot conclude that the court abused its discretion by refusing to order the preparation of a free record.[5]

We affirm the trial court's order.

Bailey C. Moseley
Justice

Date Submitted:     February 4, 2008
Date Decided:      February 6, 2008

---

[5]A decision on indigency is reviewed to see whether the trial court's decision constituted an abuse of its discretion. *Rodgers v. Mitchell*, 83 S.W.3d 815 (Tex. App.—Texarkana 2002, no pet.).