# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-06-00315-CV

**Cindy Schlapper, Appellant**

**v.**

**Rand Forest, Buck Childers, Robert Stewart Leonard, Dorothy Stewart Uzell, Betty Stewart Hanson, Mike Keuhl, Flagship Marine Corporation, Shoreline Development, and Harbor Ventures, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-05-000033, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## O P I N I O N

This is an appeal of an order denying appellant Cindy Schlapper's request to proceed on appeal without paying costs, including the costs of preparing a reporter's record as well as a clerk's record. Appellant failed to obtain the requisite trial court findings pursuant to Texas Civil Practice and Remedies Code section 13.003. Consequently, we affirm the trial court's order.

Appellant is proceeding pro se in her suit against a number of neighboring landowners involving her claims to title to certain property near Lake Travis. The matter went to trial before the trial court in March 2006. The trial court entered judgment against appellant.[1] Appellant filed a timely notice of appeal of the trial court judgment together with a "Verified Affidavit of Indigence

---

[1] The trial court disposed of all of appellant's claims, but did not dispose of all of the defendants' counterclaims. The trial court severed the unresolved claims, making the claims of appellant final and appealable.

[sic] Inability to Pay Fees and Related Costs For Appeal." The court reporter who reported the trial proceedings challenged appellant's claim of indigence pursuant to Texas Rule of Appellate Procedure 20.1(e). This challenge was filed eleven days after appellant filed her affidavit.[2] The trial court held a hearing on the challenge and found that appellant had not carried her burden of proof that she was indigent and entitled to a free record on appeal.[3] Appellant did not object to the timeliness of the court reporter's challenge at the hearing.

Appellant, seeking to have the trial court reconsider its ruling, filed a number of pleadings in the trial court after this initial hearing on the issue of whether she is, in fact, indigent. These included two motions to vacate the order denying her application to proceed without paying costs and an "amended" affidavit of indigence. The trial court held hearings on both of the motions to vacate, allowed appellant the opportunity to present any additional evidence she had on her financial status, again found that appellant had not met her burden, and denied the motions to vacate the original order, sustaining the contest to her affidavit of indigence and denying her a cost-free record.

Appellant sets out eleven issues in her briefing. However, her complaints are essentially threefold: (1) the trial court abused its discretion in finding that she did not carry her burden of proving that she is indigent when, in fact, the evidence supports her claim of indigence; (2) appellees' counsel should not have been allowed to participate in the hearing because his conduct was improper; and (3) the challenge to her affidavit of indigence was not timely and should have

---

[2] Rule 20.1 requires any such challenge to be filed within ten days of the filing of the affidavit of indigence. Tex. R. App. P. 20.1(e).

[3] It appears from the limited record that this hearing was held outside of the time frames prescribed by Rule 20.1. However, no complaint was raised by appellant regarding hearing deadlines in the trial court.

been denied on that basis alone. Appellees point out in response that appellant did not request nor obtain the findings required by Texas Civil Practice and Remedies Code section 13.003 to the effect that her appeal is not frivolous and that a record is necessary to decide the issues presented by the appeal. Without such findings or a complaint regarding the trial court's failure to render such findings, appellees argue, appellant is not entitled to prosecute an appeal without paying for the cost of a record. We agree with appellees and affirm the order of the trial court denying appellant's request to receive a record free of cost.

Rule 20.1 of the Texas Rules of Appellate Procedure lays out the procedure for obtaining a free record. It also specifies what is required with respect to the affidavit of indigence that must be filed. Section 13.003 of the Texas Civil Practice and Remedies Code sets out certain statutory requirements that must be met for a litigant to obtain a reporter's record or a clerk's record free of charge in addition to compliance with the provisions of Rule 20.1. Section 13.003 expressly provides that a court reporter or clerk shall provide a record without cost *only if*:

> (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
> (2) the trial judge finds:
>
>> (A) the appeal is not frivolous; and
>>
>> (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a) (West 2002). The record does not reflect any findings as required by section 13.003. Nor does the record reflect any request for such findings by

3

appellant or any objection or complaint to the trial court regarding the absence of such findings. In addition, appellant has not raised the absence of such findings as error in this Court.

A similar situation was presented in *Rhodes v. Honda*, 246 S.W.3d 353 (Tex. App.—Texarkana 2008, no pet.). There, the court of appeals held that appellant had failed to preserve any issue for review by failing to obtain or request the findings required by section 13.003. *Id*. at 356. The *Rhodes* court noted that it would have been error for them to reverse the trial court to allow appellant to obtain a free record without the required statutory findings. *Id*. at 356 n.4. We agree with the *Rhodes* court. By failing to obtain or request the findings required by section 13.003, appellant has failed to meet the statutory requirements for receiving a record free of charge and has failed to preserve any complaint or error upon which we could reverse the trial court's order denying her relief. Because appellant's failure to obtain or request the findings required by section 13.003 is dispositive of the question of whether the trial court abused its discretion in denying appellant a record free of charge, we do not reach appellant's remaining points of error on this question.

This decision is not a final determination on the merits and does not foreclose appellant from presenting her arguments against the trial court judgment on appeal. This decision only affirms the trial court's finding that appellant is not entitled to a free record on appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed on Motion for Rehearing

Filed: November 7, 2008