**Order issued June 28, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-10-00848-CV

——————————

## ZACHARIAH DORSETT, Appellant

## V.

## ARCHSTONE MEMORIAL HEIGHTS, Appellee

On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 961349

## MEMORANDUM ORDER

Appellee, Archstone Memorial Heights, brought a forcible entry and detainer suit against appellant, Zachariah Dorsett. Judgment was rendered in favor of appellee. Appellant appealed and filed an affidavit of inability to pay the costs of

appeal. The trial court sustained the contest to appellant's affidavit. Appellant challenges the trial court's order sustaining the contest.

We affirm.

## Standard of Review and Governing Legal Principles

Texas Civil Practice and Remedies Code section 13.003 sets out the statutory requirements that must be met for an appellant to obtain a free record on appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). Section 13.003 states, in pertinent part, that a trial court clerk and court reporter shall provide a record for appeal without cost only if:

> (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
> (2) the trial judge finds:
>> (A) the appeal is not frivolous; and
>> (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id*. Thus, to obtain a free record on appeal, an appellant must both file an affidavit of indigence under the Rules of Appellate Procedure and request certain findings from the trial court.

Affidavits of indigence are governed by Rule of Appellate Procedure 20.1. TEX. R. APP. P. 20.1. Rule 20.1 allows a party to proceed on appeal without

2

advance payment of costs[1] if (1) the party files an affidavit of indigence in compliance with the rule, (2) the indigence claim is either not contestable, is not contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal. *See id.* 20.1(a)(2).

Generally, the appellant must file the affidavit of indigence in the trial court "with or before the notice of appeal." *Id.* 20.1(c)(1). The affidavit must identify the party filing the affidavit, state the amount of costs the party can pay, if any, and present complete information about the party's financial condition. *See id.* 20.1(b).

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the affidavit is filed. *Id.* 20.1(e). Within 10 days after a contest is filed, the trial court must either conduct a hearing or sign an order extending the time for the hearing no more than 20 days from the date of the order. *Id.* 20.1(i)(2), (3).

At the hearing on the contest, the appellant bears the burden to prove his indigence by a preponderance of the evidence. *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see* TEX. R. APP. P. 20.1(g); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). The party contesting the affidavit then has the burden to offer evidence to rebut what

---

[1] Rule 20.1(n) defines "costs" as the filing fee and the charges for preparing the appellate record. TEX. R. APP. P. 20.1(n).

was established. *See Griffin Indus., Inc. v. Hon. Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996). The test for determining indigence is as follows: "Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011).

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4). When, as in this case, the trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of his appeal. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.* Rule 20.1 is to be interpreted "liberally in favor of preserving appellate rights." *See Higgins*, 257 S.W.3d at 686.

## Analysis

Appellant challenges the trial court's order sustaining a contest to his affidavit of indigence and ordering that he pay the costs of his appeal.

Insofar as appellant challenges the trial court's order with respect to the costs of the appellate record, by failing to request or obtain the findings required by Civil Practice and Remedies Code section 13.003, appellant has failed to meet the statutory requirements for receiving a free record and has failed to preserve any error upon which we could reverse the trial court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2); TEX. R. APP. P. 33.1; *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied).

We consider appellant's challenge insofar as it relates to the trial court's order that he pay the filing fee for his appeal.[2]

The clerk's record on appellant's indigence claim reflects that appellant timely filed an affidavit of indigence with his notice of appeal on September 29, 2010. *See* TEX. R. APP. P. 20.1(a)(2)(A), (c)(1). In his affidavit, appellant addresses some of the factors required by Rule of Appellate Procedure 20.1(b). *Id.* 20.1(b). Appellant states, among other things, that he is unemployed and has no source of income, has no spouse or dependents, owns no property, and has $25.00 cash and $75.00 in a bank account. *Id.* 20.1(b)(1)–(6). Appellant states that he was

---

[2] *See id.*

not represented by an attorney in the trial court and that no attorney has agreed to pay or advance his court costs. *Id.* 20.1(b)(10), (11). Appellant does not state the nature or amount of his debts or monthly expenses, instead simply stating that "I have transportation, housing, food, and other expenses that are greater than my monthly income," and does not state whether he could obtain a loan for court costs.[3] *Id.* 20.1(b)(7)–(9).

The county clerk timely filed a contest to appellant's affidavit, demanding proof that appellant is indigent.[4] *See* TEX. R. APP. P. 20.1(e). On October 13, 2010, the trial court timely sustained the county clerk's contest. *See id.* 20.1(i)(4).

At the hearing on the contest, appellant testified that he has been unemployed since July 2010; had been seeking full-time employment for about eight months prior to that; that he is not receiving unemployment benefits; that he has no money in his bank account, no assets, and no dependents; that he has monthly expenses of

---

[3] There is a second affidavit of indigence in the clerk's record, also signed by appellant on September 29, 2010, that contains recitations regarding various expenses. The second affidavit is not file-stamped. However, appellant testified to the amounts contained in the second affidavit of indigence at the hearing on October 12, 2010, and the record demonstrates that this information was considered by the trial court.

[4] The record reflects that the court reporter and appellee may also have filed contests to appellant's affidavit of indigence in the underlying trial court cause. These contests are not contained in the special clerk's record on indigence, and may have been lost or destroyed. *See* TEX. R. APP. P. 34.5(e). However, because the record reflects that the existence of these documents would not affect our indigence determination in this matter, in the interest of conserving judicial resources and promoting judicial efficiency, we will not abate this case for a determination from the trial court regarding whether these documents have been lost or destroyed.

$870—$350 for rent paid to his grandfather, $200 for food and groceries, $150 for transportation, $50 for hygiene items, $80 for books and entertainment, and $40 for clothing; and that he has no ability to obtain a loan. Appellant testified that he has not paid the $350 rent to his grandfather since July 2010, although he continues to live with his grandfather. Appellant testified that his only methods of transportation are public transportation or riding his grandfather's motorcycle. He testified that he had a legal aid lawyer but that he "chose to represent" himself. Appellant testified that he had spent about 500 hours volunteering in 2010. He also testified that during the week preceding the filing of his affidavit, he traveled to New Mexico and spent close to $100 at various restaurants and businesses in New Mexico.

At the conclusion of the hearing, the trial court found that appellant has "avenues to pay for some of [his] expenses[,] had avenues to have counsel[,] had avenues to get . . . unemployment [benefits,]" and was "cho[o]sing to work in the volunteer area as opposed to . . . an area that provides compensation." The trial court denied appellant's request to proceed as indigent. The trial court timely signed an order sustaining the county clerk's contest and stating that appellant "will be required to proceed with his appeal with advance payment of all associated costs." *See id.* 20.1(i)(2)(A), (i)(4).

The record in this case shows that appellant testified that in the week preceding the filing of his affidavit, he spent close to $100 traveling to New Mexico and visiting various restaurants and businesses in New Mexico. The record also shows that appellant testified that apart from basic living costs, he has $80 per month available that he currently uses for discretionary expenses. The record further shows that appellant testified that he had spent 500 hours volunteering in 2010, as opposed to using that time to pursue compensated employment. From this testimony, the trial court could have reasonably concluded, as it did, that appellant is able to pay the $175 filing fee for his appeal. *See In re C.H.C.*, 331 S.W.3d at 429 (considering whether record, in whole, shows by preponderance that "applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so"); *see also* TEX. GOV'T CODE ANN. § 51.207 (West Supp. 2011), § 51.941(a) (West 2005), § 101.041 (West Supp. 2011) (listing fees in court of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals). We cannot conclude that the trial court abused its discretion by finding that appellant is able to pay the filing fee. *See In re C.H.C.*, 331 S.W.3d at 429.

In sum, we conclude that the trial court did not abuse its discretion by sustaining the contest to appellant's indigence claim. Accordingly, we affirm the trial court's order.

Because appellant has not established indigence, it is **ORDERED** that appellant pay the filing fee to this Court no later than **10 days** from the date of this order, or the appeal will be dismissed. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent); 42.3 (allowing involuntary dismissal). It is further **ORDERED** that appellant file with this court, no later than **15 days** from the date of this order, proof that he has paid, or has made arrangements to pay, the fees for preparing the clerk's and reporter's records. *See* TEX. R. APP. P. 34.5, 34.6(b), 37.3.

Furthermore, due to the age of this appeal, the Court will not grant motions to extend the deadlines in this case absent extraordinary circumstances. *See* TEX. R. APP. P. 35.3(c), 38.6(d).

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.