COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:     Thomas Davis v. Discount Tire Co. of Texas, Inc., Dill Air Controls Products, LLC, and Bridgestone Americas Tire Operation LLC

Appellate case number:   01-12-00187-CV

Trial court case number:  2010-14448

Trial court:             80th District Court of Harris County, Texas

On March 12, 2012, appellant Thomas Davis filed an affidavit of indigence in the trial court in the above-referenced appeal. On March 15, 2012 the district clerk timely filed a contest to the affidavit. *See* TEX. R. APP. P. 20.1(e). Within ten days after the contest was filed, the trial court was required either to conduct a hearing or to sign an order extending the time to conduct the hearing. *See* TEX. R. APP. P. 20.1(i)(2)-(3). To effectively sustain the contest, the trial court was also required to sign an order sustaining the contest within the prescribed period for the hearing. *See* TEX. R. APP. P. 20.1(i)(4). The clerk's record on indigence does not contain an order sustaining the contest. Because the court failed to rule in writing on the contest within the time provided by the rule, the allegations of the affidavit must be taken as true, and appellant is entitled to proceed without advance payment of the filing fee. *See* TEX. R. APP. P. 20.1(i)(4).

However, although appellant is entitled to proceed without advance payment of the filing fee, appellant is only entitled to a free record on appeal if appellant additionally meets the statutory requirements of Texas Civil Practice and Remedies Code section 13.003. See TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). A trial court clerk and court reporter shall provide a record for appeal without cost only if:

    (1)    an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and

    (2)    the trial judge finds:

        (A)    the appeal is not frivolous; and

        (B)    the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id.* Thus, to obtain a free record on appeal, appellant must have both filed an affidavit of indigence under the Rules of Appellate Procedure and obtained certain findings from the trial

court. Appellant bears the burden to request these findings. *See Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied). The clerk's record on indigence does not reflect any request by appellant for findings regarding frivolousness or the necessity of a statement of facts and clerk's transcript. By failing to request or obtain the findings required by Civil Practice and Remedies Code section 13.003, appellant has failed to meet the statutory requirements for receiving a free record and has failed to preserve any error upon which we could reverse the trial court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2); TEX. R. APP. P. 33.1; *Schlapper*, 272 S.W.3d at 678.

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of the filing fee in this Court.

Appellant is **ORDERED** to file within 30 days of the date of this order proof that appellant has paid or made arrangements to pay the clerk's fee for preparing the clerk's record or this Court may dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b); 42.3(b).

Appellant is **ORDERED** to file within 30 days of the date of this order proof that appellant has paid or made arrangements to pay the court reporter for preparing the record or the Court might consider and decide those issues or points that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c).

Appellant's brief is **ORDERED** filed with this Court within 30 days of the date the complete record is received in this Court. Appellees' briefs, if any, must be filed within 30 days of the date Appellant's brief is filed.

Judge's signature: **/s/ Justice Michael Massengale**
&#x2611; Acting individually &#x2610; Acting for the Court
Panel consists of _____

Date: July 31, 2012