COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Scott Sattler II v. Jenna Neveu

Appellate case number:    01-12-00091-CV

Trial court case number:  11002129CVCCL1

Trial court:              County Court at Law No 1 of Brazos County, Texas

On January 20, 2012, appellant Scott Sattler II filed an affidavit of indigence in the trial court in the above-referenced appeal in the Court of Appeals for the Tenth District of Texas. On January 23, 2012, the case was transferred from that court to this Court. On March 20, 2012, the Clerk of this Court sent the affidavit of indigence to the trial court, as required by Texas Rule of Appellate Procedure 20.1(d)(2). *See* TEX. R. APP. P. 20.1(d)(2). The affidavit was received by the trial court clerk on March 23, 2012. To be timely, a contest to the affidavit was required to be filed within 10 days of March 23, 2012. *See* TEX. R. APP. P. 20.1(e). The clerk's record on indigence reflects that no contest was filed to the affidavit of indigence. Therefore, the allegations of the affidavit must be taken as true, and appellant is entitled to proceed without advance payment of the filing fee. *See* TEX. R. APP. P. 20.1(f).

However, although appellant is entitled to proceed without advance payment of the filing fee, appellant is only entitled to a free record on appeal if appellant additionally meets the statutory requirements of Texas Civil Practice and Remedies Code section 13.003. See TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). A trial court clerk and court reporter shall provide a record for appeal without cost only if:

(1)    an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
(2)    the trial judge finds:
    (A)    the appeal is not frivolous; and
    (B)    the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id.* Thus, to obtain a free record on appeal, appellant must have both filed an affidavit of indigence under the Rules of Appellate Procedure and requested certain findings from the trial court. Appellant bears the burden to request these findings. *See Schlapper v. Forest*, 272

S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied). The clerk's record on indigence does not reflect any request by appellant for findings regarding frivolousness or the necessity of a statement of facts and clerk's transcript. By failing to request or obtain the findings required by Civil Practice and Remedies Code section 13.003, appellant has failed to meet the statutory requirements for receiving a free record and has failed to preserve any error upon which we could reverse the trial court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2); TEX. R. APP. P. 33.1; *Schlapper*, 272 S.W.3d at 678.

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of the filing fee in this Court.

The clerk's record in the underlying appeal has been filed with the Clerk of this Court. Appellant is **ORDERED** to file within 30 days of the date of this order proof that appellant has paid or made arrangements to pay the court reporter for preparing the record or the Court might consider and decide those issues or points that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c).

Appellant's brief is **ORDERED** filed with this Court within 30 days of the date the complete record is received in this Court. Appellee's brief, if any, must be filed within 30 days of the date Appellant's brief is filed.

Judge's signature: **/s/ Justice Michael Massengale**

☑ Acting individually    □ Acting for the Court

Panel consists of _____

Date: August 24, 2012