Opinion issued July 2, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00701-CV

————————————

## GLENN BLAIR, Appellant

## V.

## ANGELA MCCLINTON, Appellee

On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Case No. 11-DCV-187301

## MEMORANDUM OPINION

Appellant, Glenn Blair, challenges the trial court's order declaring that he and appellee, Angela McClinton, did not have an informal marriage. Blair argues that: (1) the trial court erroneously determined that he and McClinton did not have an informal marriage and (2) he received inadequate representation. We affirm.

## Background

On January 27, 2011, Blair filed an original petition for divorce, alleging that he and McClinton "were married on or about 2000 and ceased to live together as husband and wife on or about January, 2011." The petition also alleged that there was one minor child of the marriage.

McClinton answered with a general denial of the allegations in Blair's petition, and she specifically denied the existence of any marriage between herself and Blair. She also referenced a parallel suit affecting the parent-child relationship that she had previously filed in the same court addressing the issues of custody and support of their minor child. McClinton requested "a declaratory judgment that no common-law or ceremonial marriage existed, past or present," between the parties.

The trial court held an evidentiary hearing on McClinton's request for declaratory judgment in April 2011. The clerk's record contains lists indicating that both parties anticipated presenting the testimony of multiple witnesses and introducing multiple documents and other evidence. However, no reporter's record has been filed in this Court.

On May 11, 2011, the trial court signed an order stating that it heard the request for declaratory judgment on April 27, 2011, examined the record and evidence, and found "that there is no marriage between Petitioner Glenn Blair and Respondent Angela McClinton." The trial court thus ordered "judgment in favor

of [McClinton] on the issue of informal or common law marriage," and it ordered "that issues concerning conservatorship and support of the child of the relationship shall proceed under the prior Suit Affecting the Parent Child Relationship filed in this court as Cause Number 10-DCV-186075." Thus, this order effectively dismissed Blair's petition for divorce.

Blair timely requested findings of fact and conclusions of law, and, on June 13, 2011, the trial court signed its findings and conclusions. The trial court found that "[t]he burden was not met that Glenn Blair and Angela McClinton agreed to be presently married" and that Blair and McClinton "did not represent to others that they were married." The trial court also concluded that Blair "did not meet proof of the existence of an informal marriage according to the Texas Family Code §2.401(a)(2)."

## Sufficiency of the Evidence

Blair argues that the trial court misapplied the law governing informal marriages and that it did not "appropriately weigh the evidence" because "the preponderance of the evidence submitted in this case . . . overwhelmingly supports [Blair's] informal marriage to McClinton." We construe these arguments as a challenge to the legal and factual sufficiency of the trial court's order declaring that Blair and McClinton did not have an informal marriage. McClinton argues that,

3

because Blair failed to file a reporter's record, we must affirm the trial court's judgment.

"Informal marriage" is the statutory term used to describe what is colloquially known as a common-law marriage. *See* TEX. FAM. CODE ANN. § 2.401(a)(2) (Vernon 2006). An informal marriage exists in Texas if the parties (1) agreed to be married, (2) lived together in Texas as husband and wife after the agreement, and (3) represented to others that they were married. *Id.*; *Small v. McMaster*, 352 S.W.3d 280, 282 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). An informal marriage does not exist unless all three elements are present, and the party seeking to establish the existence of the marriage bears the burden of proving the three elements by a preponderance of the evidence. *Small*, 352 S.W.3d at 282–83.

"It is the burden of the appellant to bring forward a sufficient record to show the error committed by the trial court." *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)). "When there is no reporter's record, we indulge every presumption in favor of the trial court's findings." *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate

4

court must presume the evidence presented was sufficient to support the trial court's order.").

Blair—despite notice from this court, *see* TEX. R. APP. P. 37.3(c)—failed to pay for the reporter's record, and it was never filed.[1]  The trial court found that

---

[1]       Blair argues that he exercised "extreme due diligence in the attempt to obtain a free record based on his contested and overruled indigence status whereby he should have been granted a free record."  However, this Court's June 19, 2012 order informed Blair that, because he had failed to meet the statutory requirements for receiving a free record and had failed to preserve any error upon which this Court could reverse the trial court's order, Blair was obligated to pay for preparing the clerk's and reporter's records.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2) (Vernon 2002) (providing circumstances under which appellant is entitled to free record on appeal); TEX. R. APP. P. 33.1 (providing that party must make timely, specific objection and obtain ruling to preserve error for appellate review); *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied) (affirming trial court's finding that appellant was not entitled to free record on appeal where record did not contain findings required by section 13.003 or any request for such findings or any objection or complaint to trial court about absence of such findings).  This Court again notified Blair, on September 21, 2012, that his case would be submitted without the reporter's record if he failed to make arrangements to pay for it, and we granted him an extension to allow him extra time to make such arrangements.  Thus, the record of this case demonstrates that Blair was not entitled to a free record on appeal and that he did not fulfill his obligation to provide the reporter's record.  *See also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating that pro se litigants are held to same standards as licensed attorneys and are required to comply with applicable laws and rules of procedure).

Blair also argues that this Court may review his appeal without the reporter's record and that we may obtain a copy of the reporter's record. However, Blair bore the burden of bringing forward a sufficient record. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)).  We also observe that we cannot consider Blair's discussion of the trial evidence contained in his brief and the documents submitted in the appendix. *See, e.g.*, *Samara v. Samara*, 52 S.W.3d 455, 456 n.1 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that attachment of documents as exhibits or appendices to briefs is not formal inclusion in record on appeal and, thus, such documents cannot

Blair did not meet his burden to establish that he and McClinton "agreed to be presently married." The trial court also found that Blair and McClinton "did not represent to others that they were married." Because there is no reporter's record, we presume that the evidence presented at the hearing was sufficient to support the trial court's findings and order. *See Bryant*, 972 S.W.2d at 31; *see also Willms*, 190 S.W.3d at 803 (holding that appellate court must presume evidence presented was sufficient to support trial court's order in absence of reporter's record).

We overrule Blair's challenges to the trial court's order finding that Blair and McClinton were not informally married.

## Inadequate Representation

Blair also raises several arguments that his counsel was inadequate and prejudiced his ability to establish the existence of an informal marriage between himself and McClinton. The United States Supreme Court has recognized that ineffective assistance of counsel in the criminal context is a violation of the Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052 (1984). However, it is well established that the doctrine of ineffective assistance of counsel does not extend to most civil cases, including divorce cases. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343

be considered); *Till v. Thomas*, 10 S.W.3d 730, 733–34 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ) (holding that, generally, appellate court may not consider matters outside appellate record).

(Tex. App.—Houston [14th Dist.] 2003, no pet.); *McCoy v. Texas Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.); *see also Ashraf v. Ashraf*, No. 03-11-00467-CV, 2012 WL 1948347, at *5 (Tex. App.—Austin May 24, 2012) (holding same in context of divorce case).

Blair argues that this case involved important rights, such as his right to have the status of his relationship with McClinton properly adjudicated and his visitation rights with his child. The Texas Supreme Court has recognized that a parent has a constitutional right to effective counsel in parental-rights termination cases. *See In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). However, this case does not involve the termination of parental rights, and thus this limited exception is inapplicable here. *See id.* Because this is a civil divorce case and does not concern the termination of parental rights, the doctrine of ineffective assistance of counsel does not apply to Blair's complaints.

We overrule Blair's complaints regarding the allegedly inadequate performance of his trial counsel.

### Conclusion

We affirm the order of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

7