**Order issued February 3, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00040-CV

_____

## DAVID E. KAUP, Appellant

## V.

## TEXAS WORKFORCE COMMISSION AND GLOBAL SECURITY CONSULTING, GLOBAL SECURITY ASSOCIATES, Appellees

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1031862**

---

### MEMORANDUM ORDER

On January 7, 2014, appellant, David E. Kaup, filed a notice of appeal from the trial court's judgment of December 20, 2013. Appellant filed an affidavit of inability to pay the costs of appeal in conjunction with his notice of appeal. The

county clerk contested the affidavit, and the trial court sustained the county clerk's contest. Appellant appeals the trial court's order sustaining the contest. *See* TEX. R. APP. P. 20.1(j).

We affirm the trial court's order sustaining the contest.

**Standard of Review and Governing Legal Principles**

Texas Civil Practice and Remedies Code section 13.003 sets out certain requirements that must be met for an appellant to obtain a free record. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). Section 13.003 states, in pertinent part, that a trial court clerk and court reporter shall provide without cost a record for appeal only if:

> (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
> (2) the trial judge finds:
> > (A) the appeal is not frivolous; and
> > (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a).

The first of these requirements, to file an affidavit of inability to pay the costs of the appeal, is governed by Rule 20.1 of the Texas Rules of Appellate Procedure. Rule 20.1 allows a party to proceed on appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule, (2) the

2

indigence claim is not contestable, the claim is not contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a)(2).

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the affidavit is filed. TEX. R. APP. P. 20.1(e). If a contest is filed, the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing "within 10 days after the contest [is] filed." TEX. R. APP. P. 20.1(i)(2).

If contested, the appellant bears the burden to prove his indigence by a preponderance of the evidence. *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see also* TEX. R. APP. P. 20.1(g); *Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Once the appellant establishes a prima facie showing of indigence, the party contesting the affidavit has the burden to offer evidence to rebut what was established. *See Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996). "The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to

and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (quoting *Higgins*, 257 S.W.3d at 686).

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4); *see C.H.C.*, 331 S.W.3d at 429; *Higgins*, 257 S.W.3d at 688. When, as in this case, the trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of his appeal. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.*

## Analysis

Appellant challenges the trial court's order sustaining a contest to his affidavit of indigence and ordering that he pay the costs[1] of appeal.

---

[1] Texas Rule of Appellate Procedure 20.1(n) defines "costs" as the filing fee and the charges for preparing the appellate record. TEX. R. APP. P. 20.1(n).

Insofar as appellant challenges the trial court's order with respect to the costs of the appellate record, by failing to request or obtain the findings required by Civil Practice and Remedies Code section 13.003, appellant has failed to meet the statutory requirements for receiving a free record and has failed to preserve any error upon which we could reverse the trial court's order.[2]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2) (West 2002); *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied); *Rhodes v. Honda*, 246 S.W.3d 353, 356 (Tex. App.—Texarkana 2008, no pet.).  Thus, we cannot conclude that the trial court abused its discretion by refusing to order the preparation of a free record. *See Schlapper*, 272 S.W.3d at 678; *Rhodes*, 246 S.W.3d at 356.

We will, however, consider appellant's challenge insofar as it relates to the trial court's order that he pay the filing fee for his appeal.

The county clerk's record on appellant's indigence claim reflects that appellant timely filed his notice of appeal from the trial court's judgment rendered on December 20, 2013.  *See* TEX. R. APP. P. 20.1(a)(2)(C), 26.1.  Appellant filed his affidavit of indigence in the trial court with his notice of appeal.  *See* TEX. R. APP. P. 20.1(c)(1).

---

[2]     We also note that appellant has not raised the absence of such findings as error in this Court.  *See Bonner v. Austin*, No. 01-09-01059-CV, 2012 WL 3038511, at *3 (Tex. App.—Houston [1st Dist.] July 24, 2012, order); *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied).

Appellant's affidavit addresses most of the factors required by Rule of Appellate Procedure 20.1(b). *See* TEX. R. APP. P. 20.1(b); *see also C.H.C.*, 331 S.W.3d at 429 (stating that affidavit is sufficient if it provides information to prove by preponderance of evidence that party is unable to pay costs, even if information on all factors is not included). In the affidavit, appellant states that he has been unemployed since December 25, 2013, however, he receives a monthly income of $400 as a disability pension and "SNAP" benefits from the State of Texas. Appellant's wife earns approximately $1000 per month. Appellant states that he owns a mobile home and the property the home sits on, but has no other assets. Appellant's monthly expenses include $350 for gas, electric, telephone, and internet, $100 for clothing and hygiene, $500 for transportation, $200 for food, and $300 of voluntary support to stepchildren living in Indonesia. Appellant also states that he owes money to Harley Davidson Financial and The Pennsylvania Higher Education Assistance Program, however, the debt owed to The Pennsylvania Higher Education Assistance Program is in forbearance.

On January 13, 2014, the county clerk filed a timely contest to appellant's affidavit of indigence. *See* TEX. R. APP. P. 20.1(e).

A hearing was held on the contest to the affidavit of indigence on January 14, 2014. *See* TEX. R. APP. P. 20.1(i)(2). The trial court entered a timely order sustaining the contest the same day. *See* TEX. R. APP. P. 20.1(i)(4).

Appellant filed an "Appeal to Judgment and Order Sustaining Contest to Pauper's Oath" on January 23, 2014.[3] *See* TEX. R. APP. P. 20.1(j)(1).[4]

The record before the Court[5] shows that appellant spends a portion of $350 per month on telephone and internet services, which are discretionary services. Further, appellant states that he voluntarily sends $300 per month to his stepchildren in Indonesia and that such support is not court ordered. From this, the trial court could reasonably conclude that appellant is able to pay the $195 filing

---

[3] Accompanying appellant's notice of appeal from the trial court's contest order is a second affidavit of indigence filed by appellant with this Court. We will not consider this second affidavit in our review of the trial court's order. *See Kastner v. Tex. Bd. of Law Exam'rs*, No. 03-08-00515-CV, 2009 WL 2476640, at *1 n.5, *3 n.7 (Tex. App.—Austin Aug. 12, 2009, no pet.) (not considering appellant's updated affidavit when reviewing trial court's order sustaining contest to affidavit of indigence); *see also Brown v. Paris Indus. Found.*, 46 S.W.3d 321, 323 (Tex. App.—Texarkana 2001, pet dism'd) (after appellant obtains trial court ruling on indigent status, "[t]he Rules do not allow a party to come in at a later date and seek to be declared indigent based on a change in circumstances").

[4] Appellant appears to have filed a second "Appeal to Judgment and Order Sustaining Contest to Pauper's Oath" on January 29, 2014. We deny this second motion by appellant as untimely. *See* TEX. R. APP. P. 20.1(j)(1), (2).

[5] We have reviewed appellant's affidavit of indigence, the county clerk's record on indigence, and the reporter's record from the hearing.

fee.[6] *See Adams v. Ross*, No. 01-11-00552-CV, 2012 WL 5381218, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, order) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when appellant's affidavit stated that she spent $97.46 on Internet and phone service); *In re Guardianship of Bryan Rombough*, No. 02-11-00181-CV, 2012 WL 1624027, at *5 (Tex. App.—Fort Worth May 10, 2012, no pet.) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when appellant's affidavit of indigence stated that she spent $168 per month for cell phone service and $180 per month for cable and Internet service); *In re A.L.V.Z.*, 352 S.W.3d 568, 571 (Tex. App.—Dallas 2011, no pet.) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when appellant testified that she paid for cable television and Internet access); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2007 WL 3171378, at *3 (Tex. App.—San Antonio Oct. 31, 2007, pet. denied) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when evidence showed that appellant had disposable income every month from which he could make payments); *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013) (listing fees in court of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme

---

[6] For the same reasons, the trial court could have reasonably concluded that appellant is able to pay for the appellate record.

Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals); *C.H.C.*, 331 S.W.3d at 429 (considering whether record, in whole, shows by preponderance that "applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so").

On the record before this Court, we cannot conclude that the trial court abused its discretion by sustaining the contest to appellant's affidavit of indigence. *See C.H.C.*, 331 S.W.3d at 429; *Rombough*, 2012 WL 1624027, at \*5; *A.L.V.Z.*, 352 S.W.3d at 571; *see also Arevalo*, 983 S.W.2d at 805 (finding no abuse of discretion in trial court's order denying appellant's request for free record because appellant owned vehicle and jewelry which, if sold, would more than cover cost of record).

Accordingly, we affirm the trial court's order sustaining the county clerk's contest to the affidavit of indigence.

Because appellant has not established indigence, it is ORDERED that appellant pay one-half of the $195 filing fee to this Court no later than 10 days from the date of this order and the other one-half of the $195 filing fee to this Court no later than 30 days from the date of this order, or the appeal will be dismissed. *See* TEX. R. APP. P. 5, 42.3.

9

It is further ORDERED that appellant file with this Court written evidence from the trial court clerk showing that he has paid or made arrangements to pay for the preparation of the clerk's record, no later than 30 days from the date of this order, or the appeal will be dismissed.  *See* TEX. R. APP. P. 34.5, 35.3(a)(2), 37.3(b), 42.3.

Finally, it is ORDERED that appellant file with this Court written evidence from the court reporter showing that he has paid or made arrangements to pay for the preparation of the reporter's record, no later than 30 days from the date of this order, or the Court will consider and decide only those issues or points that do not require a reporter's record for a decision.  *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b)(2), (b)(3), 37.3(c).

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.