FILE COPY



**CAUSE NO. 12-15-00194-CV**

**IN THE COURT OF APPEALS**

**TWELFTH COURT OF APPEALS DISTRICT**

**TYLER, TEXAS**

| | | |
|---|---|---|
| **DAVID HAYES,**<br>**APPELLANT** | } | **APPEALED FROM THE** |
| **V.** | } | **COUNTY COURT AT LAW NO 1** |
| **THE STATE OF TEXAS,**<br>**APPELLEE** | } | **HENDERSON COUNTY, TEXAS** |

**ORDER**

David Hayes has appealed from an "order destroying dogs and awarding costs." On July 30, 2015, he filed a notice of appeal, an affidavit of indigence, and a motion for a free record pursuant to Texas Civil Practice and Remedies Code Section 13.003. On August 3, the State of Texas, Appellee, filed a contest to Hayes's affidavit, which the trial court sustained by written order on August 13.

In a motion filed in this court on August 18, Hayes challenges the trial court's order sustaining the State's contest. He requests that we overrule the order and direct that a free statement of facts and clerk's record be prepared for the appeal. We review an order sustaining a contest to an affidavit of indigence for an abuse of discretion. *Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.–El Paso 2008, pet. denied). A trial court abuses its discretion when its action is arbitrary or unreasonable or without reference to any guiding rules or principles. *Id*.

Rule 20.1 of the Texas Rules of Appellate Procedure provides the procedural vehicle for seeking a free record in a civil case and specifies the information that must be provided. TEX. R. APP. P. 20.1. Section 13.003 of the Texas Civil Practice and Remedies Code is the statutory underpinning for obtaining a clerk's and reporter's record without cost in a civil appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (West 2002); *Rhodes v. Honda*, 246 S.W.3d 353, 355 (Tex. App.–Texarkana 2008, no pet.). Section 13.003 expressly provides that a court reporter or clerk shall provide a record without cost only if

> (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
> (2) the trial judge finds:
>
>> (A) the appeal is not frivolous; and
>>
>> (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a).

At the hearing on the State's contest, counsel for each party presented argument concerning the findings required by Section 13.003(a)(2). However, the trial court did not make the required statutory findings. Moreover, the record does not reveal that Hayes requested the findings, or objected to their absence. By failing to obtain or request the findings required by Section 13.003, Hayes failed to meet the statutory requirements for receiving a record free of charge and failed to preserve any complaint or error upon which the trial court's order sustaining a contest can be reversed. *See **Kindle v. United Svcs. Auto. Ass'n***, 357 S.W.3d 377, 380 (Tex. App.–Texarkana 2011, no pet.); ***Schlapper v. Forest***, 272 S.W.3d 676, 678 (Tex. App.–Austin 2008, pet. denied); ***Rhodes v. Honda***, 246 S.W.3d 353, 356 (Tex. App.–Texarkana 2008, no pet.).

We note, however, that at the conclusion of the hearing, the trial judge announced that he was not going to find Hayes indigent and explained that he did not believe Hayes had a right to appeal the merits of the case. The judge expressed that "it would be kind of frivolous on my part to order a record when I don't think you have the right to appeal and it's going to be kicked out on review once you get there."

Ordinarily, when a bench trial has been conducted, any party may request the court to state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296. A trial court's oral findings are not a substitute for written findings of fact and conclusions of law under Rule 296. *See **In re Doe***, 78 S.W.3d 338, 339 n.2 (Tex. 2002); ***In the Interest of W.E.R.***, 669 S.W.2d 716, 716 (Tex. 1984). However, Section 13.003 does not state that the trial court's findings must be in writing.

Because Section 13.003 makes no reference to written findings, we will assume, for purposes of analysis, that Section 13.003 does not require written findings, and that the judge's statement that ordering a record would be frivolous is an oral finding that Hayes's appeal is frivolous. But even with these assumptions, Hayes cannot prevail for two reasons. First, he does not challenge the trial court's oral finding that his appeal is frivolous. And second, even if his

complaint were preserved, he does not address the absence, or the merits, of the second required finding: that the statement of facts and the clerk's transcript are necessary to decide the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(B). Therefore, we cannot conclude that the trial court's order sustaining the contest to the affidavit of indigence was an abuse of discretion.

This order is not a final determination on the merits of this appeal. This order only affirms the trial court's order sustaining the State's contest to Hayes's affidavit of indigence. ***Hayes must pay or make arrangements to pay for the reporter's record and the clerk's record on or before September 28, 2015. He also must inform the office of the clerk of this court, by letter dated no later than September 28, 2015, of what payment or arrangements to pay have been made.***

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this the 28th day of August 2015, A.D.



CATHY S. LUSK, CLERK
12TH COURT OF APPEALS

By: *Katrina McClenny*
Katrina McClenny, Chief Deputy Clerk