

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00130-CV
_____

BUDDY KINDLE, Appellant

V.

UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL., Appellees

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2006-360

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Buddy Kindle sued United Services Automobile Association, USAA County Mutual Insurance Company, and USAA Casualty Insurance Company (collectively referred to as USAA). The trial court granted USAA's traditional and no evidence motions for summary judgment on March 8, 2011. In conjunction with his underlying appeal from the grant of the summary judgments against him, Kindle complains that the trial court abused its discretion by determining that he was not indigent, and thus, was not entitled to a free record. We determine that no error exists requiring a free record to be provided to Kindle in pursuit of the merits of his summary judgment appeal.

The sequence of events involving Kindle's effort to be declared indigent are procedurally irregular. Kindle filed his notice of appeal from the summary judgment motions on April 5, 2011. Rule 20.1 of the Texas Rules of Appellate Procedure generally requires an affidavit of indigence to be filed "with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). However, it was not until April 21, 2011, that Kindle filed a pro se "motion to proceed in forma pauperis."

Texas Rule of Appellate Procedure 20.1(b) also sets forth the information that is to be contained in the affidavit of indigence. TEX. R. APP. P. 20.1(b). In noncompliance with the rule, Kindle's original motion simply stated that he was "unable to pay the costs of court herein in that he is currently unemployed, and is disabled receiving a small pension from the Veteran's Administration." Because Kindle "ha[d] no other disposable income which would permit him to

pay the court costs" and "his monthly expenses equal[led] or exceed[ed] his income," Kindle asked the court to "proceed in this cause without the necessity of paying the usual and customary costs of court." The trial court granted the motion on April 27, 2011.

On April 28, 2011, a timely contest to the motion was filed by USAA. The contest complained that Kindle's motion did not comply with the requirements set forth by Texas Rule of Appellate Procedure 20.1 for affidavits of indigence and that the motion was untimely. Kindle filed a response to USAA's contest. With regard to the timeliness of his motion, Kindle argued that he did not discover the entry of the court's judgment until March 22. While his counsel received a copy of the judgment on March 24, 2011, Kindle did not receive a copy of the judgment until April 7, 2011, the date that the notice of appeal was due. Thus, Kindle believed he should have been entitled to additional time to file an affidavit of indigency.[1]

In light of the contest, the trial court set aside its grant of Kindle's motion and set the matter for hearing on May 10, 2011. On that date, Kindle filed an "amended motion for leave to proceed in forma pauperis," in an attempt to comply with the requirements of Section 20.1(b). Kindle stated he was not currently employed, received a pension of $985.00 per month, and had no other income. The motion recited that he "owned no real property. Any real property alleged to

---

[1]USAA also contested the merits of the indigency motion. Because a contest was filed by USAA, Kindle bore the burden of proving his indigency. TEX. R. APP. P. 20.1(g). By a preponderance of the evidence, "[t]he party must prove and the trial court must determine whether [he] would be unable to pay 'if [he] really wanted to and made a good faith effort to do so.'" *Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 356 (Tex. 1996) (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)). Testimony was presented describing assets owned by Kindle, his Veteran's disability status, prior business interests, and other matters. For reasons set out in the opinion, we do not address the merits of whether Kindle proved he was indigent by a preponderance of the evidence.

3

be owned by movant is subject to a contract for deed on which movant pays and said property is not Movant's to sell or mortgage."[2]

At the hearing, the trial court denied Kindle's motion on the basis of timeliness and noncompliance with Rule 20.1(b). The trial court entered a written order denying Kindle a free record on appeal; it found that Kindle was not indigent and that USAA's contest was "well-founded." On June 9, Kindle filed a notice of appeal from this determination.

"A party may bring an appeal as an indigent, if he complies with Texas Rule of Appellate Procedure 20.1." *Few v. Few*, 271 S.W.3d 341, 344–45 (Tex. App.—El Paso 2008, pet. denied) (citing *Arevalo v. Millan*, 983 S.W.2d 803 (Tex. App.—Houston [1st Dist.] 1998, no pet.)). "Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure." *Id.* at 345. Where a litigant fails to timely file an affidavit of indigency pursuant to Rule 20.1, the trial court does not abuse its discretion in finding that the litigant is not indigent. *Id.* at 346; *In re D.T.K.*, No. 05-10-01613-CV, 2011 WL 6047104, at *1 (Tex. App.—Dallas Dec. 5, 2011, no pet. h.) (mem. op.).

When a trial court sustains a contest to an affidavit of indigence, we review the trial court's ruling under an abuse of discretion standard. *Few*, 271 S.W.3d at 354; *Rodgers v. Mitchell*, 83 S.W.3d 815, 818 (Tex. App.—Texarkana 2002, no pet.). "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial

---

[2] "[I]f the affidavit provides sufficient information to prove by a preponderance of evidence that the party is unable to pay costs on appeal, the affidavit is sufficient, even if information on each of the twelve items" listed in Rule 20.1(b) is not included. *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011).

4

court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles." *Rodgers*, 83 S.W.3d at 819. "The mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate judge does not demonstrate such an abuse." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985)).

In *Rhodes v. Honda*, we previously explained that while Rule 20.1 of the Texas Rules of Appellate Procedure provides the "procedural vehicle for seeking a free record," Section 13.003 of the Texas Civil Practice and Remedies Code "is the statutory underpinning for the provision of a clerk's and reporter's record without cost in a civil appeal." 246 S.W.3d 353, 355 (Tex. App.—Texarkana 2008, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (West 2002). Section 13.003 states:

> a court reporter shall provide without cost a statement of facts and a clerk of a court shall prepare a transcript for appealing a judgment from the court only if:
>
>     (1)    an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
>     (2)    the trial judge finds:
>
>     (A)    the appeal is not frivolous; and
>     (B)    the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a). We wrote "[a]pplying the terms of that section as written, a trial court may order the clerk and reporter to prepare a record without charge only if the party is found to be indigent and if the required findings are made." *Rhodes*, 246 S.W.3d at

5

355. Thus, because "the trial court made neither a finding that the appeal is not frivolous nor did it find that a statement of facts and a clerk's record were needed to decide the issue presented by the appeal," and no request for such a finding was made, we found no abuse of discretion in the trial court's order denying preparation of a free record. *Id.* at 356. ("Indeed, had the court ordered a free record to be prepared without making such findings, it would have been in violation of the statutory requirements.").[3]

In this case, by "failing to obtain or request the findings required by Section 13.003, [Kindle] has failed to meet statutory requirements for receiving a record free of charge and has failed to preserve any complaint or error upon which we could reverse the trial court's order denying" his relief. *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. dism'd). Therefore, we find the trial court did not abuse its discretion in denying Kindle's motion. Kindle's point of error is overruled.

This decision is not a final determination on the merits and does not foreclose Kindle from presenting his arguments against the trial court's judgment on appeal. "This decision only affirms the trial court's finding that appellant is not entitled to a free record on appeal." *Id.*

---

[3]We distinguish the cases of *Sprowl v. Payne*, 236 S.W. 3d 786, 787 ( Tex. 2007), and *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006), which overruled dismissals of appeals for failure to strictly comply with requirements of Rule 20.1. Here, we analyze the trial court's ruling for an abuse of discretion; the indigency appeal is not dismissed, but the judgment of the trial court is affirmed.

We affirm the indigency determination.

<div align="center" style="text-align:right">

Jack Carter
Justice

</div>

Date Submitted:    December 20, 2011
Date Decided:    December 21, 2011