TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00292-CV






Daniel James Caldwell, Appellant


v.


Jennifer E. Goodfellow Caldwell, Appellee






FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY,

NO. 09-3577-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING






O R D E R 



P E R C U R I A M


 Appellant Daniel James Caldwell ("Daniel") has appealed from the final decree in
his divorce proceeding from appellee Jennifer E. Caldwell ("Jennifer"). (1) On May 14, 2010, Daniel
filed a notice of appeal and a motion for new trial. On June 1, 2010, he filed an affidavit of
indigence on appeal, which Jennifer contested on June 8, 2010. After the trial court on July 6, 2010,
denied Daniel's motion for new trial, the court on July 16, 2010, sustained Jennifer's contest to
Daniel's affidavit of inability to pay appellate costs. Daniel asserts the court erred in sustaining
Jennifer's contest. We affirm the trial court's order.

 A party may appeal as an indigent by filing an affidavit of indigence pursuant to
Rule 20.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 20.1. If the affidavit is
contested, the applicant has the burden to prove indigence by a preponderance of the evidence. 
Higgins v. Randall Cnty Sheriff's Office, 257 S.W.3d 684, 686 (Tex. 2008); see also Tex. R. App. P.
20.1(g). The test for determining indigence in the trial court is whether "the record as a whole
show[s] by a preponderance of the evidence that the applicant would be unable to pay the costs, or
a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." 
Higgins, 257 S.W.3d at 686.

 We review a trial court's order sustaining a contest to an affidavit of indigence under
an abuse-of-discretion standard. See Kindle v. United States Auto. Ass'n, 357 S.W.3d 377, 380 (Tex.
App.--Texarkana 2011, no pet.); Few v. Few, 271 S.W.3d 341, 345 (Tex. App.--El Paso 2008, pet.
denied); Arevelo v. Milan, 983 S.W.2d 803 (Tex. App.--Houston [1st Dist.] 1998, no pet). "Abuse
of discretion is a heavy burden." Arevelo, 983 S.W.2d at 804. A trial court abuses its discretion
when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or
principles. Jelinek v. Casas, 328 S.W.3d 526, 539 (Tex. 2010).

 In his affidavit of indigence, Daniel averred that he is unemployed and receiving food
stamps. He further stated he has $300 in a checking account for "required payment on utilities,
existing debt, and child support of $300 per month." He added that his monthly lease payment is
$759, and he estimated his monthly utilities and gas expenses "as another $150." Also, he claimed
that he has "one personal vehicle," a computer, and "a maximum almost $4500 remaining credit." 
In addition, Daniel stated he owed over $24,000 on credit cards and "more than $18,000 in
student loans."

 When the issue of his voluntarily terminating his employment with Wal-Mart arose
during the hearing, Daniel asserted that he had chosen resignation when faced with the option of
being terminated or resigning. The trial court then noted that Daniel is "an articulate, intelligent and
I believe very well educated young man, . . not the sort of person who suffers from some sort of
defect because there are none." The court found that, under the circumstances, Daniel was
intentionally underemployed based upon his "individual gifts," and thus it sustained the contest to
Daniel's affidavit of indigence. 

 The question before us it not whether the trial court could have found Daniel indigent,
but whether the facts and the law permitted only that decision. On this record, we cannot conclude
that the trial court abused its discretion in finding that Daniel failed to prove, by a preponderance of
the evidence, that he would be unable to pay the costs, or a part thereof, or give security therefor, if
he really wanted to and made a good-faith effort to do so. Daniel neither submitted evidence
supporting the statements in his affidavit nor showed he had attempted to find employment. On this
record, we cannot conclude that the district court's decision to sustain the contest to the affidavit of
indigence was without reference to any guiding rules or principles. See Jelinek, 328 S.W.3d at 539.

 This order is not a final determination on the merits of this appeal. This order only
affirms the trial court's finding that Daniel is not indigent and has the ability to pay appellate costs. 
 Daniel must pay or make arrangements to pay for the reporter's record on or before
September 17, 2012, and he must inform the office of the clerk of this Court by letter of what
payment or arrangements to pay have been made by that date. If no reporter's record is to be filed,
the appeal will be submitted on the record at hand. See Tex. R. App. P. 37.3(c). If Daniel no longer
wishes to pursue this appeal, he shall file a motion to dismiss. (2)

 It is ordered August 16, 2012.


Before Chief Justice Jones, Justices Henson and Goodwin

1. Because both parties have the same last name, we will refer to them by their first names.
2. Daniel has filed a Notice, Motion, & Supplementary Exhibit asking this Court to accept
as evidence a letter attached to the motion. The letter itself is not in the record, and we may not
consider material appended to an appellate brief or motion that is not in the record provided. See
Save Our Springs Alliance, Inc. v. City of Dripping Springs, 304 S.W.3d 871, 892 (Tex.
App.--Austin 2010, pet. denied). We deny the motion.