

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00093-CV

IN THE MATTER OF THE MARRIAGE OF
REBECCA JENKINSON ACY AND CEDRIC DEMON ACY
AND IN THE INTEREST OF A.M.A., A CHILD

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 505-14

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Cedric Demon Acy appeals a no-answer default divorce granted to Rebecca Jenkinson Acy. On appeal, Cedric asserts that he was not properly served and argues that the trial court erred in failing to enter findings of fact and conclusions of law. Cedric also challenges the legal sufficiency of the trial court's findings related to its decision to currently deny Cedric visitation with A.M.A., the child of the marriage.[1] We conclude that (1) Cedric was served with citation, (2) Cedric did not preserve a complaint regarding findings of fact and conclusions of law, and (3) Cedric has shown no abuse of discretion in his being denied current visitation. Accordingly, we affirm the trial court's judgment.

*(1)    Cedric Was Served with Citation*

Cedric argues that, although he was provided with a copy of the petition for divorce, he was not served with citation. He further contends that failure to serve him with copies of amended petitions violated his due process rights. Yet, the clerk's record demonstrates that Cedric was served with proper citation on September 30, 2014, at 9:53 a.m. at the Smith County Jail and that no amended petition was filed in this case. Accordingly, we find meritless Cedric's contention that he was not properly served.[2]

*(2)    Cedric Did Not Preserve a Complaint Regarding Findings of Fact and Conclusions of Law*

Cedric also argues that the trial court erred in failing to make findings of fact and conclusions of law. After the trial court entered default judgment, Cedric timely filed a request

---

[1]Cedric also challenges a temporary order which has already expired.

[2]Default judgment was not taken until almost one year after the properly executed citation had been returned.

that the trial court make such findings and conclusions. *See* TEX. R. CIV. P. 296. "The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed." TEX. R. CIV. P. 297. Cedric points to his timely request and argues that the trial court erred by failing to comply with Rule 297. We agree. However, "[i]f the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties . . . a 'Notice of Past Due Findings of Fact and Conclusions of Law.'" *Id.* Cedric did not file such a notice. Accordingly, he may not now complain of the trial court's failure to make a finding or conclusion. *Worlds v. Reynolds*, No. 02-14-00287-CV, 2015 WL 4685254, at *1 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.) (citing *Burns v. Burns*, 116 S.W.3d 916, 922 (Tex. App.—Dallas 2003, no pet.)); *see Salinas v. Beaudrie*, 960 S.W.2d 314, 317 (Tex. App.—Corpus Christi 1997, no pet.).

Because Cedric has failed to preserve this point of error, we overrule it.

*(3)      Cedric Has Shown No Abuse of Discretion in His Being Denied Current Visitation*

Cedric's pro se brief also seems to argue that the trial court erred in findings related to its decision on visitation. While Cedric suggests that the trial court denied him any visitation rights with A.M.A., the divorce decree clarified that visitation with A.M.A. was denied until Cedric's satisfactory completion of the *For Kid's Sake* parenting skills course.[3] We review this decision

---

[3]The trial court also referenced a protective order entered against Cedric, which will expire on September 1, 2016. In his brief, Cedric goes outside this record to mention protective orders entered in another case that has not been appealed. He also mentions permanent injunctions entered against him in this case, which were based, in part, on those prior protective orders, to prevent his contact with Rebecca and his interference with her sole managing conservatorship of the child. To the extent that Cedric's brief can be interpreted as challenging the permanent injunctions entered in this case, we find the brief inadequate. *See* TEX. R. APP. P. 38.1; *Kindle v. United Servs. Auto. Ass'n*, 357 S.W.3d 377, 380 (Tex. App.—Texarkana 2011, pet. denied) (pro se litigants are generally held to same

3

"for an abuse of discretion, and we reverse the trial court's order only if we determine, from reviewing the record as a whole, that the trial court abused its discretion." *In re Marriage of Barnes & Woods*, No. 06-11-00067-CV, 2012 WL 934478, at *2 (Tex. App.—Texarkana Mar. 20, 2012, no pet.) (mem. op.) (citing *Patterson v. Brist*, 236 S.W.3d 238, 239–40 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd)). "We indulge every legal presumption in favor of the trial court's judgment and view the evidence in the light most favorable to that judgment." *Id*. Thus, when reviewing a legal sufficiency point, we "consider only the evidence and inferences which tend to support the trial court's findings, disregarding all contrary evidence and inferences." *In re E.M.V.*, 312 S.W.3d 288, 290 (Tex. App.—Dallas 2010, no pet.) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). "Any evidence of probative force supporting a finding requires [us] to uphold the finding." *Id.*

Cedric was incarcerated at the time of the final hearing.[4] Rebecca testified that Cedric was violent and had assaulted her more than once in the child's presence, including when she was holding the child. Rebecca also testified that she was afraid of Cedric, who was the subject of a protective order that had been previously entered by the trial court in another case. Based on Rebecca's testimony, the trial court found that Cedric had a history of domestic violence.[5] We

---

standards as licensed attorneys and must comply with all applicable rules, including rules governing appellate briefs); *Decker v. Dunbar*, 200 S.W.3d 807, 809 (Tex. App.—Texarkana 2006, pet. denied).

[4]Cedric's brief states that his arrest was for stalking. The appellate record in this case does not mention the arrest and it is unclear whether Cedric is awaiting trial or has been convicted.

[5]The trial court also found that Cedric had "a criminal history or a history of violating court orders" and had "previously threatened to take, entice away, keep, withhold, or conceal [A.M.A.] in violation of [Rebecca's] right of possession of or access to the child" and that credible evidence indicated that there was a potential risk of the international abduction of A.M.A. by Cedric. Cedric challenges these findings for legal sufficiency. It is true that the

4

conclude that the evidence was legally sufficient to support this finding. Accordingly, we cannot say that the trial court abused its discretion in restricting Cedric's visitation with A.M.A. until his satisfactory completion of the *For Kid's Sake* parenting skills course. We overrule Cedric's last point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    May 6, 2016
Date Decided:    June 14, 2016

---

record in this case does not support these findings. Thus, we omit these findings from our analysis of whether the visitation order is supported by sufficient evidence.

5