

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00556-CV

**IN THE INTEREST OF S.R.V.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA01961
Honorable Richard Garcia, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  January 31, 2018

AFFIRMED

This is an appeal from a trial court's order terminating the parental rights of a mother and father to their child, S.R.V.  Appellant ("Grandmother") is S.R.V.'s paternal grandmother, who intervened in the termination proceeding, seeking sole managing or possessory conservatorship.[1] In its termination order, the trial court appointed the Texas Department of Protective and Family Services ("the Department") as S.R.V.'s permanent managing conservator, denying Grandmother's request for sole managing conservatorship or possessory conservatorship.  We affirm the trial court's order of termination.

---

[1] Neither parent has appealed from the trial court's order of termination.  Accordingly, they are not parties to this appeal.

**BACKGROUND**

The Department became involved with S.R.V.'s family when he tested positive for opiates and methadone at birth in August 2016. The Department placed S.R.V. in a foster home when he was released from the hospital. In September 2016, the Department filed a petition for termination. It prepared service plans for both of S.R.V.'s parents. In June 2017, Grandmother filed a petition in intervention. In her petition, she sought sole managing conservatorship of S.R.V., or, in the alternative, possessory conservatorship. After the trial court held the statutorily required hearings, a final hearing was held in August 2017.

At the final hearing, the Department provided evidence with respect to termination and Grandmother's conservatorship claim. A Department caseworker testified S.R.V.'s mother admitted using illegal substances the day before S.R.V.'s birth and in the days following his birth. The Department caseworker testified the mother was to complete a drug assessment and follow all recommendations, participate in a parenting course, and engage in individual counseling. The mother did not complete any portion of her service plan. Moreover, the caseworker testified the mother had a single visit in the month or so after S.R.V.'s birth, but has not seen him since. The Department had no contact with the mother in the four months before the final hearing. According to the caseworker, the Department attempted to contact her at least three times a month for those four months.

As for S.R.V.'s father, his service plan required that he complete a drug assessment and follow all recommendations, complete a domestic violence program, and engage in anger management classes. According to the Department caseworker, the father did not complete any of the foregoing tasks. Additionally, the evidence showed that at the time of the final hearing, the father was incarcerated. Like the mother, the father saw S.R.V. once soon after his birth, but has

not seen the child since that visit. The Department has not had any contact with the father since October 2016.

The caseworker testified S.R.V.'s foster home is meeting his needs and S.R.V. is bonded with his foster family. The foster parents are the only parents S.R.V. has ever known. The foster mother testified they want to adopt S.R.V. S.R.V.'s foster parents have already adopted one of his half-brothers. According to the caseworker, the brothers love each other very much.

As for Grandmother, the caseworker testified the Department conducted a home study. Grandmother currently has three other children in her care — a teenaged granddaughter and two grandsons, which are S.R.V.'s half-brothers. The caseworker testified there is an open investigation concerning the teenaged girl, which involves allegations of sexual abuse by the paternal grandfather. When asked if she had discussed these allegations with Grandmother, the caseworker stated she had, but Grandmother claimed "it was a misunderstanding." The caseworker stated that despite the prior placements in Grandmother's home, the Department had concerns about an additional placement, i.e., placing S.R.V. with Grandmother. First, three children currently reside in Grandmother's home — a teenaged girl and two young boys. All three children share the only bedroom in the home; Grandmother and her husband sleep in the living room. There were also concerns about the ability of the grandparents to support another child financially. Grandmother does not work, and the grandfather engages only in "side work."

Grandmother testified the allegations of sexual abuse were "false" and "the case has been closed." This was disputed by the Department. Grandmother also testified the alleged perpetrator was actually a cousin who has since passed away. As for her home, Grandmother testified she plans to remodel the home to create three bedrooms, which would be sufficient for all four children. However, she admitted she has not yet sought permits for an addition. As for now, S.R.V. would share the living room with her and her husband. According to Grandmother, they have sufficient

income with her husband's earnings and subsidies to support a fourth child. Grandmother stated it would be best for S.R.V. to be with his biological family. She said she would like to adopt him.

Ultimately, the trial court rendered an order of termination, terminating the parent's rights to S.R.V. and denying Grandmother's petition for conservatorship. Thereafter, Grandmother perfected this appeal.

## ANALYSIS

Before addressing the merits of this appeal, we must first determine whether Grandmother has presented anything for our review. On October 26, 2017, Grandmother filed her appellate brief in this court. After reviewing the brief, we determined it did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure in several respects. *See* TEX. R. APP. P. 38.1. Specifically, we found the brief violated Rule 38.1 in that it did not include: (1) a table of contents; (2) an index of authorities; (3) a proper statement of the case with record references; (4) a brief statement of the issues presented, setting out what errors were allegedly committed by the trial court; (5) a statement of facts with record references; (6) a proper summary of the argument; (7) argument with appropriate citation to authorities and the appellate record; (8) a prayer stating the nature of the relief sought; or (9) a proper appendix. *See id.* R. 38.1(b)–(d), (f)–(k). Moreover, the brief did not comply with certain requirements of Rules 9.4 and 9.5 in that it did not contain a proper certificate of service or a certificate of compliance. *See id.* R. 9.4(i)(3); *id.* R. 9.5(a), (d), (e).[2]

Accordingly, on November 7, 2017, we issued an order, finding the brief flagrantly violated Rule 38.1, and ordering Grandmother to file an amended brief. After this court granted Grandmother an extension of time, she filed her amended brief. After reviewing the amended brief, we determined it failed to correct many of the deficiencies pointed out in our prior order.

---

[2] The brief also violated brief formatting rules. *See* TEX. R. APP. P. 9.4(c) (requiring one-inch margins on both sides of page), (e) (requiring computer-generated documents to be printed in typeface no smaller than 14-point type).

We therefore sent Grandmother a letter notifying her that although we were accepting her amended brief, it was still deficient, and that "this court may consider her appellate issues waived due to inadequate briefing if the noted deficiencies are not corrected prior to submission." Grandmother did not respond to our letter.

This court, as well as other Texas appellate courts, have held that an appellant's brief must contain clear and concise arguments with appropriate citations to authorities and the record. *See, e.g.*, *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.); *In re Estate of Aguilar*, No. 04–13–00038–CV, 2014 WL 667516, at *8 (Tex. App.—San Antonio Feb. 19, 2014, pet. denied) (mem. op.); *Keyes Helium Co. v. Regency Gas. Servs., L.P.*, 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.); *Niera v. Frost Nat'l Bank*, No. 04–09–00224–CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.); *see also* TEX. R. APP. P. 38.1(i). A reviewing court has no duty to brief the issues for the appellant or to search the appellate record for facts supporting an appellant's argument. *Torres v. Garcia*, No. 04–11–00822–CV, 2012 WL 3808593, at *4 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) (mem. op.); *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Stated another way, the burden is on the appellant "to discuss [her] assertions of error, and we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Rubsamen*, 322 S.W.3d at 746. As recognized by the supreme court, "[t]he Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010).

When an appellant fails to comply with the briefing rules as set out in the Texas Rules of Appellate Procedure — fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief — nothing is presented for our review, i.e., error is waived. *See, e.g., Keyes Helium Co.*, 393 S.W.3d 861–62 (holding that failure to cite to relevant portions of record waives appellate review); *Huey*, 200 S.W.3d at 854 (holding that failure to cite applicable authority or provide substantive analysis waives issue on appeal); *Niera*, 2010 WL 816191, at *3 (holding that failure to provide appropriate citations or substantive analysis waived appellate issues); *WorldPeace*, 183 S.W.3d at 460 (holding that failure to offer argument, citations to record, or authority waives appellate review); *Citizens Nat'l Bank*, 142 S.W.3d at 489–90 (holding that appellant waived jury charge error by failing to include proper citation to record); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (holding appellate court may use its discretion to find issues waived due to inadequate briefing).

Although Grandmother is appearing pro se on appeal, i.e., representing herself, she is generally held to the same standards as licensed attorneys and must comply with all applicable rules, including the rules governing appellate briefs. *See, e.g.*, *Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 520 (Tex. App.—El Paso 2014, pet. dism'd w.o.j.); *Kindle v. United Servs. Auto. Ass'n*, 357 S.W.3d 377, 380 (Tex. App.—Texarkana 2011, pet. denied); *Decker v. Dunbar*, 200 S.W.3d 807, 809 (Tex. App.—Texarkana 2006, pet. denied); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied). As the supreme court recognized in *Mansfield State Bank v. Cohn*, there cannot be separate procedural rules for those with counsel and those who appear pro se. 573 S.W.2d 181, 184–85 (Tex. 1978). As the court reasoned, "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel"). *Wheeler v. Green*,

157 S.W.3d 439, 444 (Tex. 2005). Thus, we cannot permit Grandmother to ignore the appellate briefing rules. *See id.*; *see also Cohn*, 573 S.W.2d at 184–85.

Grandmother's amended brief is deficient, failing to comply both procedurally and substantively with the rules governing appellate briefing. *See* TEX. R. APP. P. 38.1. First, the amended brief is procedurally deficient in that in fails to include: (1) an accurate recitation of the identity of parties and counsel; (2) a proper index of authorities; (3) a proper statement of the case with record citations; (4) a summary of the argument; or (5) a proper appendix. *Id.* R. 38.1(a), (c), (d), (h), (k). Second, and more importantly, the brief fails to comply substantively with Rule 38.1.

The brief fails to include a single record citation. *See id.* R. 38.1(g), (i). The record consists of a 258-page clerk's record, two supplemental clerk's records comprising 74 pages, and a 73-page reporter's record. A reviewing court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Keyes Helium Co.*, 393 S.W.3d at 861–62; *Rubsamen*, 322 S.W.3d at 746; *Citizens Nat'l*, 142 S.W.3d at 489. Additionally, the brief does not include a single citation to legal authority. *See* TEX. R. APP. P. 38.1(i). As previously stated, an appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to the record and legal authorities, or the issues may be deemed waived. *See, e.g.*, *Tchernowitz*, 2016 WL 6247008, at *1; *Keyes Helium Co.*, 393 S.W.3d at 861–62; *Niera*, 2010 WL 816191, at *3; *WorldPeace*, 183 S.W.3d at 460; *Citizens Nat'l Bank*, 142 S.W.3d at 489; *see also* TEX. R. APP. P. 38.1.

Finally, Grandmother's amended brief is devoid of any actual, substantive legal argument. Rather, she provides only general statements about how she has been involved with S.R.V. since his birth, that placing S.R.V. with a biological family member is more appropriate, and that her home is a proper placement. None of these "complaints" allege a particular error by the trial court.

Accordingly, based on the foregoing, we hold Grandmother's amended brief is inadequate, presenting nothing for our review. However, even if we were to interpret Grandmother's amended brief as the Department attempted to do, we would find no reversible error.

We review a trial court's conservatorship decision under a less stringent standard than the one used to review a termination decision. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Conservatorship decisions are subject to review only for an abuse of discretion, and reversal is proper only if the decision is arbitrary and unreasonable. *Id.* Following a termination, section 161.207 directs the trial court to appoint a suitable competent adult, the Department, a licensed-child placing agency, or an authorized agency as managing conservator of the child. TEX. FAM. CODE ANN. § 161.207. There is no statutory presumption in such cases that a grandparent is preferred over other non-parents. *In re A.C.*, 394 S.W.3d 633, 644 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see* TEX. FAM. CODE ANN. § 161.207. The primary consideration with regard to conservatorship is always the child's best interest. *A.C.*, 394 S.W.3d at 644 (citing TEX. FAM. CODE ANN. § 153.002 (West 2014)). In determining whether appointing a party as managing conservator is in a child's best interest, we consider the statutory factors set out in section 263.307(b) of the Texas Family Code and the *Holley* factors. *See* TEX. FAM. CODE ANN. § 263.307(b); *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

Here, there is sufficient evidence for the trial court to have determined, in its discretion, that placing S.R.V. with his Grandmother was not in his best interest. As set out above, the Grandmother's home presented several problems. First, the evidence showed an outstanding allegation of sexual abuse against the grandfather with regard to one of the children in the home. Second, Grandmother was already caring for three children, who were all sleeping in a single bedroom. The grandparents sleep in the living room/bedroom, which, according to Grandmother, is where S.R.V. would sleep until additions to the home can be made. Grandmother admitted they

had not yet even sought permitting for an addition to the home. Moreover, the issue of support of an additional child was raised. As noted Grandmother does not work and the grandfather works only "side jobs." The family relies on subsidies for additional support.

The evidence regarding the foster-to-adopt family supported the trial court's decision. The family has cared for S.R.V. since he left the hospital. S.R.V. has bonded with the family, and they are providing for all of his physical and emotional needs. Moreover, the family has already adopted one of S.R.V.'s half-brothers, and the brothers are bonded. The Department is in agreement with adoption by the foster family.

Given the evidence, we hold the trial court could have determined, in light of the *Holley* and statutory factors, that naming Grandmother as conservator for S.R.V. — managing or possessory — was not in his best interest. *See J.A.J.*, 243 S.W.3d at 616.

## CONCLUSION

We hold Grandmother has failed to preserve any complaint for our review due to inadequate briefing. However, even if Grandmother preserved a complaint that the trial court erred in denying her conservatorship of S.R.V., we hold the trial court did not abuse its discretion in refusing to appoint Grandmother managing or possessory conservator.

Marialyn Barnard, Justice