

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00477-CV

Maria **OLIVARRI**,
Appellant

v.

Ray Jesse **OLIVARRI**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2017CV03082
Honorable Tommy Stolhandske, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  May 30, 2018

AFFIRMED

Appellee Ray Jesse Olivarri sought to evict his brother Christopher Olivarri and his wife Appellant Maria Olivarri[1] from a house Ray inherited. The justice court granted judgment in Ray's favor. Chris and Maria appealed for a trial de novo in the county court; it granted a default judgment for Ray and authorized a writ of possession. Acting pro se, Maria appeals. Because Maria's brief has presented nothing for appellate review, we affirm the county court's order.

---

[1] Neither Maria nor her husband are attorneys. Maria and her husband signed the reply brief, but Maria is the only one who signed the notice of appeal and the appellant's brief. Thus, Maria is the only appellant.

**BACKGROUND**[2]

In a forcible detainer suit brought in the justice court, Ray sued Chris and Maria for possession of the property at 522 Cosgrove Street, San Antonio, Texas. Ray argued his mother devised the property to him, and Chris and Maria, who were living in the house, had no right to possess the property. The justice court found Chris and Maria had forcibly detained the premises and awarded Ray possession of the property. Chris and Maria appealed to the county court for trial de novo. The trial was set but Chris and Maria failed to appear, and the county court granted a default judgment for Ray. The county court signed an order for issuance of a writ of possession, and Maria timely filed a notice of appeal.

**ANALYSIS**

**A.      Appellant's Brief**

Maria's brief contains a one-page Statement of Facts which primarily lists her personal property that was destroyed during the eviction process; her brief also argues the justice court prevented Chris from presenting his Rent-to-Own agreement. The Statement contains argument and no citations to the record. *Contra* TEX. R. APP. P. 38.1(g).

The Summary of the Argument section argues the justice court "should have considered the evidence" and the judgment was not supported by factually sufficient evidence. The three-paragraph Argument section recites alleged facts, without citations to the record, and cites three authorities: the Fourth Amendment, *see* U.S. CONST. amend. IV; section 17.47 of the Deceptive Trade Practices Act, *see* TEX. BUS. & COM. CODE ANN. § 17.47 (West 2011) ("Restraining Orders"); and section 406.014 of the Texas Government Code, *see* TEX. GOV'T CODE ANN. § 406.014 (West Supp. 2017) ("Notary Records").

---

[2] Because Appellant's brief presents no arguments, we provide a very limited recitation of the facts.

We must construe Maria's brief reasonably, yet liberally. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) (requiring courts of appeals "to construe briefing 'reasonably, yet liberally, so that the right to appellate review is not lost by waiver.'" (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008))).

**B.      No Arguments or Citations**

Maria was required to file a brief that "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Construing her brief reasonably yet liberally, we nevertheless necessarily conclude that she did not. *See Parker*, 514 S.W.3d at 222 (quoting *Perry*, 272 S.W.3d at 587).

Maria's brief cited the Fourth Amendment and two Texas statutes, but she did not explain how the authority applies or how the authority shows the county court committed reversible error; providing citations to authorities without explaining how the authorities show the trial court erred is not "clear and concise argument for the contentions made." *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made"); *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied) ("When appellants fail to discuss the evidence supporting their claim or apply the law to the facts, they present nothing for review."); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.) ("A failure to provide substantive analysis of an issue waives the complaint.").

"When [as here] an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review." *See Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.); *accord Lowry*, 537 S.W.3d at 620; *Marin Real Estate Partners*, 373 S.W.3d at 75.

Even assuming she presented legal arguments showing the county court's alleged errors—which she did not—her brief did not include a single citation to the record. *Contra* TEX. R. APP. P. 38.1(d),(g),(i) (requiring appropriate citations to the record); *Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861 (Tex. App.—Dallas 2012, no pet.) ("Failure to cite to relevant portions of the record waives appellate review."); *Stephens v. Dolcefino*, 126 S.W.3d 120, 130 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (concluding that appellants waived certain issues "for lack of adequate briefing" because of "no citation to any authority").

## C.     Pro Se Litigant

We recognize that Maria is not an attorney and is representing herself in this appeal. However, except in some circumstances not applicable here, a pro se litigant must comply with the Texas Rules of Appellate Procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (reiterating that "pro se litigants are not exempt from the rules of procedure"); *Kindle v. United Servs. Auto. Ass'n*, 357 S.W.3d 377, 380 (Tex. App.—Texarkana 2011, pet. denied) (same); *see also Briggs v. Bank of Am., N.A.*, No. 04-16-00087-CV, 2017 WL 685764, at *2 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.) (same).

"There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Briggs*, 2017 WL 685764, at *2; *see also Wheeler*, 157 S.W.3d at 444.

Maria had the burden to present and argue her appellate issues. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A *pro se* litigant is required to properly present her case on appeal, just as she is required to properly present her case to the trial court."). This court cannot "perform an independent review of the

record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (citation omitted); *accord Thomas v. Park at Sutton Oaks*, No. 04-17-00267-CV, 2018 WL 340133, at *1 (Tex. App.—San Antonio Jan. 10, 2018, no pet.) (mem. op.).

## CONCLUSION

Maria Olivarri's brief was required to identify the trial court's alleged errors and present a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *Swinnea*, 318 S.W.3d at 880; *Mansfield State Bank*, 573 S.W.2d at 184–85. Because her brief does not provide appropriate citations to the record and does not provide clear and concise arguments to support the issues she attempts to raise, her brief does not present anything for appellate review. *See Lowry*, 537 S.W.3d at 620; *Marin Real Estate Partners*, 373 S.W.3d at 75.

Accordingly, we affirm the trial court's order.

Patricia O. Alvarez, Justice