

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-17-00209-CV

**IN THE ESTATE OF** Richard Elwood **NEWMAN**, Deceased

From the County Court, Wilson County, Texas
Trial Court No. PR-07781
Honorable Richard L. Jackson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed:  June 13, 2018

AFFIRMED

Appellant Leta Davis-Newman, acting pro se, challenged the probate of her husband's

1983 will and her stepson's actions as independent executor of the will.  The trial court declared

Leta a vexatious litigant and dismissed her claims with prejudice.  She appeals.  Because Leta's

brief does not present any issue for appellate review, we affirm the trial court's judgment.

## BACKGROUND[1]

In 1983, Richard Elwood Newman executed a Last Will and Testament.  He declared that

(1) he was a single man, having been divorced in 1982; (2) he had two children, Richard David

Newman and Carol Ann Jenkins; and (3) he had one step-daughter, Mary Colleen Young.

Newman appointed his son Richard to serve as Independent Executor of his will.  Later, Newman

---

[1] Because Appellant has presented no arguments, we provide a very limited recitation of the facts.

married Appellant Leta Davis-Newman; they were still married when Newman died. After Newman's death, Leta continued to reside in the marital home.

After Richard applied to probate Newman's 1983 will, Leta challenged the will and claimed Richard was not properly performing his fiduciary duties. She alleged, for example, he failed "to acknowledge [her] surviving spouse rights by not doing the proper paper work so [she] would receive [her] homestead exemption." Both sides filed more motions and responses, and the trial court held several hearings.

In its final judgment, the trial court found that Leta voluntarily absented herself from the homestead property and relinquished all her rights in it. The trial court dismissed with prejudice all of Leta's claims, declared her a vexatious litigant, and ordered her to reimburse Richard for 2015 taxes and insurance on the property. Leta appeals.

**ANALYSIS**

**A.       Appellant's Brief**

Leta's brief[2] identifies fifteen issues which she presents as questions about the acts or omissions of the parties and the trial court. Of the fifteen questions, eleven address the parties' actions; only four may be construed to challenge the trial court's conduct. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) (requiring courts of appeals "to construe briefing 'reasonably, yet liberally, so that the right to appellate review is not lost by waiver.'" (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008))).

To support the issues she raises, Leta's brief presents her Summary of the Argument and Argument sections in the following manner. She attached three sections from the Estates Code, i.e., sections 102.002, 102.003, and 102.005; one case, *Copeland v. Tarrant Appraisal Dist.*, 906

---

[2] Except for the Appendix, all of Leta's brief is handwritten. Her brief includes a thirteen-page Statement of the Case, a three-page list of Issues Presented, a seventeen-page Statement of Facts, and a three-page Prayer.

S.W.2d 148, 150 (Tex. App.—Fort Worth 1995, writ denied); a one-page excerpt from an unidentified document; and a one-page table titled "Life Estate and Remainder Interest Tables." At the beginning of these six attachments, she writes: "These laws & charts are my Summary of the Argument & Argument as they are very clear."

## B.       No Arguments or Citations

Leta was required to file a brief that "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Construing her brief reasonably yet liberally, we nevertheless necessarily conclude that she did not. *See Parker*, 514 S.W.3d at 222 (quoting *Perry*, 272 S.W.3d at 587).

Leta's brief provided excerpts of authorities, but she gave no explanation of how the authority applies or how the authority shows the trial court committed reversible error; providing excerpts of authorities is not a substitute for argument. *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made"); *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied) ("When appellants fail to discuss the evidence supporting their claim or apply the law to the facts, they present nothing for review."); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.) ("A failure to provide substantive analysis of an issue waives the complaint."). "When [as here] an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review." *See Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.); *accord Lowry*, 537 S.W.3d at 620; *Marin Real Estate Partners*, 373 S.W.3d at 75.

Even assuming she presented legal arguments showing the trial court's alleged errors—which she did not—her brief did not include a single citation to the record. *Contra* TEX. R. APP. P. 38.1(d),(g),(i) (requiring appropriate citations to the record); *Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861 (Tex. App.—Dallas 2012, no pet.) ("Failure to cite to relevant portions of the record waives appellate review."); *Stephens v. Dolcefino*, 126 S.W.3d 120, 130 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (concluding that appellants waived certain issues "for lack of adequate briefing" because of "no citation to any authority").

## C.      Pro Se Litigant

We recognize that Leta is not an attorney and is representing herself in this appeal. However, except in some circumstances not applicable here, a pro se litigant must comply with the Texas Rules of Appellate Procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (reiterating that "pro se litigants are not exempt from the rules of procedure"); *Kindle v. United Servs. Auto. Ass'n*, 357 S.W.3d 377, 380 (Tex. App.—Texarkana 2011, pet. denied) (same); *see also Briggs v. Bank of Am., N.A.*, No. 04-16-00087-CV, 2017 WL 685764, at \*2 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.) (same).

"There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Briggs*, 2017 WL 685764, at \*2; *see also Wheeler*, 157 S.W.3d at 444.

### CONCLUSION

Leta Davis-Newman's brief was required to identify the trial court's alleged errors and present a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *Swinnea*, 318 S.W.3d at 880; *Mansfield*

- 4 -

*State Bank*, 573 S.W.2d at 184–85.  Because her brief does not provide appropriate citations to the record and does not provide clear and concise arguments to support the issues she attempts to raise, her brief does not present anything for appellate review.  *See Lowry*, 537 S.W.3d at 620; *Marin Real Estate Partners*, 373 S.W.3d at 75.  Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice